UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MOHAMMED S. EL-HANINI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-256-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Mohammed El-Hanini is an inmate previously confined at the Federal Medical Center ("FMC")-Lexington, located in Lexington, Kentucky. On June 13, 2017, El-Hanini filed a Complaint against the Federal Bureau of Prisons, FMC-Lexington and various prison officials under 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Narcotics Agents,* 403 U.S. 388 (1971). [Record. No. 1] El-Hanini alleges that he received inadequate medical treatment while he was confined at FMC-Lexington and that he was "targeted" by prison officials, causing physical and psychological harm. [Record No. 1 at 4-5]

On June 16, 2017, this Court granted El-Hanini's motion to proceed *in forma pauperis* and permitted him to pay his filing fee in installments. [Record. No. 5] The Court directed El-Hanini to pay an initial partial filing fee of $55.00 within 28 days. [*Id.*] However, after El-Hanini failed to pay any fees. As a result, on December 20, 2017, the Court directed El-Hanini to show cause why this action should not be dismissed for failure to prosecute by providing an explanation for his past failure to pay his initial partial filing fee. [Record No. 7] El-Hanini

was warned that, if he failed to do so, the Court would dismiss the Complaint for failure to prosecute. [*Id.*]

El-Hanini has now responded, claiming that he "tried" to complete the payment form on multiple occasions but was "unsuccessful." [Record No. 8] He provides no further explanation for his failure to comply with the Court's clear directives. His vague explanation is insufficient to explain his continued failure to comply with the Court's order directing action over six months ago. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

The Court has considered the factors set forth in *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), and concludes that dismissal of El-Hanini's case for failure to prosecute is warranted. His failure to act in the face of a clear prior warning that the case would be dismissed is an indication of willful noncompliance. *Lovejoy v. Owens*, 1994 WL 91814, at *2 (6th Cir. March 21, 1994). Moreover, his incarceration makes the imposition of lesser sanctions, such as monetary or other penalties, difficult or impracticable.

Although this reason alone justifies dismissal of this action without prejudice, his Complaint is also subject to dismissal for failure to exhaust his administrative remedies, as well as on statute of limitations grounds. The Court must conduct a preliminary review of El-Hanini's Complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. When testing the sufficiency of the Complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

The requirement that administrative remedies be exhausted prior to filing suit mandates that those remedies must be exhausted properly and within the time frames required by the remedy process. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2009). El-Hanini candidly admits in his Complaint that he did not exhaust his administrative remedies before he filed suit, rendering dismissal of the action appropriate upon initial review. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (district court may dismiss a Complaint *sua sponte* when it is apparent from the face of the Complaint that claim is barred by affirmative defense).

El-Hanini attempts to excuse his failure to exhaust by claiming that "Mr. Swanagen (unit manager) and Mr. Smeeks refused to let me file the grievance by refusing to give me the BP-8, 9 and tort claim forms." [Record No. 1 at p. 3] He further claims that he "tried to speak with the warden at lunch," but "he said he was 'too busy' to help or listen." [Record No. 1 at p. 4] However, the Sixth Circuit has noted that a plaintiff's allegation that prison officials refused to give him grievance forms is not enough to excuse the failure to comply with exhaustion requirement. *See Belser v. James*, No. 16-2578, 2017 WL 5479595, *2 (6th Cir. 2017). Thus, El-Hanini's claims are also subject to dismissal, without prejudice, for failure to exhaust his administrative remedies.

More critically, however, El-Hanini's Complaint is time-barred by the applicable statute of limitations. Although El-Hanini does not allege a date on which the events allegedly giving rise to his claims occurred, he does state that this "same lawsuit was dismissed once before due to failure of paying fees according to the court order." [Record No. 1 at p. 2] This

Court may "take judicial notice of proceedings in other courts of record" and, therefore, may review the record in the prior action on screening of the plaintiff's Complaint. *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

A review of the record shows that, in the Complaint filed in El-Hamini's previous case (which does, in fact, allege the same claims against the defendants named in this case), the plaintiff clearly and repeatedly states that the conduct giving rise to his claims occurred in November 2015, December 2015, and January 2016. *El-Hanini v. Federal Bureau of Prisons et al.*, No. 5:17-cv-36-KKC (E.D. Ky. 2017), Record No. 1 (Complaint) at p. 5, 6 (alleging that the events occurred in November and December 2015); Record No. 13 (Amended Complaint) at p. 1 (alleging that the events occurred between November 2015 – January 2016). Thus, the Court may take judicial notice of El-Hanini's previous allegations that the events giving rise to the claims that are the subject of this lawsuit occurred between November 2015 and January 2016.

Thus, based on El-Hanini's own allegations, his claims are time-barred. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. Cf. *Jones*, 549 U.S. at 215 ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint as frivolous is appropriate.")

Because the remedy afforded in an action filed pursuant to *Bivens* is entirely judge-made, there is no statutory limitations period. Instead, federal courts apply the most analogous

statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The events about which El-Hanini now complains occurred in Kentucky. Therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). However, the question of when civil rights claims accrue is one of federal law. *LRL Properties v. Portage Metro Hous. Auth.,* 55 F.3d 1097, 1107 (6th Cir. 1995). Under federal law, a claim accrues when the plaintiff knows, or has reason to know, of the injury which forms the basis for the action. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991).

At the very latest, El-Hanini's claims accrued sometime in January 2016, the date when he became aware of the injury which forms the basis for his claims. Even construing El-Hanini's allegations in his favor by assuming that the last event giving rise to his claims occurred on the last day of January 2016, his claims were required to have been brought by January 31, 2017. Although he filed his first lawsuit on January 24, 2017, that action was dismissed on April 12, 2017. *See El-Hanini v. Federal Bureau of Prisons*, No. 5:17-cv-36-KKC (E.D. Ky. 2017) at Record No. 1, 16. And even if the Court determined that the statute of limitations were equitably tolled while his claims were pending, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), such tolling would have ended when his claims were dismissed.[1] While he still may have had eight days remaining on the statute of limitations period after the dismissal of his first lawsuit on April 12, 2017, he did not file this lawsuit until

---

[1] Equitable tolling would be warranted under the circumstances presented. Equitable tolling should be applied "only sparingly" and courts are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving legal rights." *Irvin*, 498 U.S. at 96. Here, El-Hanini's prior lawsuit was dismissed for failure to pay the filing fee. Thus, El-Hanini cannot be said to have been acting diligently to preserve his legal rights.

June 13, 2017. Thus, his claims are time-barred, and will be dismissed with prejudice. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

Accordingly, it is hereby

**ORDERED** as follows:

1. The claims asserted in El-Hanini's Complaint [Record No. 1] are **DISMISSED**, with prejudice, against all defendants.

2. This matter is **DISMISSED** and **STRICKEN** from the active docket.

This 22nd day of January, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge